STATE of Missouri, Respondent,

v.

George Melvin CARTER, Sr., Appellant.

No. 47520.

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 24, 1984.

Thomas R. Motley, Public Defender, Hannibal, for appellant.

John Ashcroft, Atty. Gen., John J. Oldenburg, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant guilty of capital murder and fixed punishment at life imprisonment. The Court so sentenced defendant, ineligible for pardon or probation for 50 years. RSMo. Section 565.001. He has appealed.

Defendant George M. Carter, Sr. was accused of murdering his son George M. Carter, Jr. Defendant here claims error in admitting testimony quoting the son's statements his father had killed him. The state responds that the son's challenged statements were admissible as res gestae.

The state's evidence: Defendant and his son returned home after midnight, arguing loudly. This awakened defendant's mother; she heard defendant ordering his son to get out of the house and refusing to let him go inside to get his clothes. Defendant followed his son outside but came out again with a loaded gun. Two neighborhood boys saw defendant with the shotgun and heard one shot fired. Sheriff Dean Mason responded quickly to a call and at one o'clock found the wounded son and a fired shotgun nearby. About the same time paramedic Troy Ashenfelter arrived, promptly loaded the victim into an ambulance and within minutes took him to the county hospital. While enroute the victim was in and out of consciousness, saying: "Please, Dad, please." In the operating room a surgical attendant asked the son "Who shot you?" and the son answered "My Dad did." Attending surgeon Dr. Joseph Corrado said the victim was in critical condition but conscious. When he asked "Who did this?" the son answered "Daddy, Daddy". The son asked the surgeon several times "Am I going to die?". Extensive surgical procedures followed but the victim died on the operating table.

Defendant offered no evidence.

Here the state contends—and defendant denies—that the victim's quoted statements, in view of his critical condition, were admissible as res gestae. We conclude the trial court correctly admitted the victim's statements.

We have considered cases cited by defendant; they do not support his argument here that the decedent's challenged statements were not res gestae. *State v. Hook*, 432 S.W.2d 349 [1–7] (Mo.1968), was a case in which the victim's statements were inadmissible when responsive to leading questions by police. Not so here. Defendant also cites *State v. Birks*, 199 Mo. 263, 97

S.W. 578[2] (1906). There the victim's doctor asked him if he knew why defendant had shot and he said "No, doctor". The court ruled that without more this was not an admissible dying declaration.

These and other cases cited by defendant are not in point.

Here the state relies on the general rule declared in *State v. Hook*, 432 S.W.2d 349[1–4] (Mo.1968). The court there stated res gestae statements are those "inspired by the excitement of the occasion and there is no opportunity for the declarant to deliberate and to fabricate a false statement." It added:

> "The essential test of whether a hearsay statement is admissible as a res gestae declaration is neither the time or the place of the statement but whether it is a spontaneous statement produced by the event itself."

The challenged statements of the victim here were admissible under our decision in *State v. Rogers*, 585 S.W.2d 498[16–19] (Mo.App.1979). There, the victim died half an hour after being shot; when asked what happened he told his doctor he had been shot by a young man. Citing *Hook* supra, we held:

> "It is generally held that spontaneous exclamations and statements uttered contemporaneously with or shortly after an unusual occurrence, usually the crime involved, by a person who is still under the influence of its effects are admissible into evidence.... The test of the admissibility of a spontaneous statement is not when the statement was made, but whether under all the circumstances, the speaker may be considered as speaking under the stress of the nervous excitement produced by the event, or whether that excitement had died away."

The trial court properly admitted the defense-challenged statements made by decedent.

Affirmed.

DOWD, P.J., and IVAN LEE HOLT, Jr., Special Judge, concur.